Filed 5/3/22  P. v. Belmonte CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JUAN GARCIA BELMONTE,<br><br>Defendant and Appellant. | F080443<br><br>(Super. Ct. No. F09903119)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Poochigian, Acting P. J., Detjen, J. and Peña, J.

## INTRODUCTION

Defendant Juan Garcia Belmonte was convicted of first degree murder and kidnapping in 2010. The jury also found true a felony-murder special circumstance allegation the murder was committed while engaged in a kidnapping pursuant to Penal Code section 190.2, subdivision (a)(17)(B), and a vicarious arming enhancement pursuant to section 12022, subdivision (a)(1). (Undesignated statutory references are to the Penal Code.) Defendant petitioned for resentencing under Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) in 2019. The court denied the petition without appointing defendant counsel, concluding defendant had not established a prima facie showing for relief because, with the intent to kill, he aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of the murder in the first degree. On appeal, defendant challenges the court's denial of his petition before appointing him counsel.

We conclude the record establishes defendant is ineligible for resentencing as a matter of law. Accordingly, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL HISTORY

In 2010, a jury convicted defendant of first degree murder (§ 187; count 1) with a special circumstance that the murder was committed during the commission of a kidnapping (§ 190.2, subd. (a)(17)(B)).

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95. He averred a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; at trial, he was convicted of first degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Sen. Bill 1437). He also stated he was convicted of first degree murder but could not now be convicted because he was not the actual killer; he did not, with the

2.

intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; and he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime. He also requested the appointment of counsel.

The court summarily denied the petition without appointing defendant counsel or holding a hearing. Instead, it concluded defendant was categorically ineligible for relief. In its order the court explained:

> "Petitioner, Juan Garcia Belmonte has failed to make a prima facie showing that he falls within the provisions of … section 1170.95  The condition set out at … §1170.95(a)(3) does not apply.  Petitioner with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first.  Petitioner is not eligible for resentencing."

## DISCUSSION

### I.     Senate Bill 1437 and Senate Bill 775

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2–3.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, italics added.) The change reflects the Legislature's

intent that "a person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e), which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The legislation also added section 1170.95, which provides a procedure by which defendants whose cases are final can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.) Initially, section 1170.95 permitted those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (Stats. 2018, ch. 1015, § 4, subd. (a).)

In Senate Bill 775 (2021–2022 Reg. Sess.) (Senate Bill 775), effective January 1, 2022, the Legislature amended the language of section 1170.95, expanding the scope of the petitioning process and clarifying some of the procedural requirements. (Stats. 2021, ch. 551, § 2.) Section 1170.95 now provides that, upon receiving a petition, if the

4.

petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1170.95, subd. (b)(3).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1170.95, subd. (c).) If the petitioner has made such a showing that the petitioner is entitled to relief, the court "shall issue an order to show cause." (*Ibid.*) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*) Within 60 days after the order to show cause has issued, the trial court must then hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).)

## II.    Analysis

Defendant contends the trial court erred by denying his petition, which he argues was facially sufficient, before appointing him counsel in violation of section 1170.95's statutorily required procedures and his due process rights. He asserts the court's order dismissing his petition failed to state the evidentiary basis for its denial and it was unsupported by evidence in the record. He further contends the court engaged in factfinding to conclude he was ineligible for relief. The People assert the jury's special circumstance finding rendered defendant categorically ineligible for relief. On reply, defendant contends the superior court did not rely on the felony-murder special circumstance as a basis for its summary dismissal. Rather, the court's order reflects it found he had the intent to kill. He also argues the special circumstance finding did not "justif[y] a summary dismissal of the petition without the appointment of counsel and without affording [him] an opportunity to be heard." In support, he relies on *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*),

5.

both decided after defendant's conviction. He argues these decisions by the California Supreme Court "altered the understanding" of what it means to be a major participant who acted with reckless indifference. He asserts "the verdict reached in the prior trial does not necessarily establish, indisputably and as a matter of law, what the outcome would be in a trial held today." We agree with the People. Because the jury's true finding on the felony-murder special-circumstance enhancement rendered defendant ineligible for relief as a matter of law, we affirm the court's order denying defendant's petition, and we cannot conclude defendant was prejudiced by the court's failure to appoint him counsel.

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the California Supreme Court resolved a dispute among the Courts of Appeal regarding when a trial court must appoint a petitioner counsel under former section 1170.95. The *Lewis* court held the statutory language and legislative intent of section 1170.95 made clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition, and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether the petitioner makes a prima facie showing that he or she is entitled to relief. (*Lewis*, at pp. 957, 962–963.) And Senate Bill 775 amended section 1170.95 to clarify this requirement. The statute now states, "Upon receiving a petition in which the information required by this subdivision is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (§ 1170.95, subd. (b)(3).)

However, contrary to defendant's contention that the failure to appoint a petitioner counsel upon the filing of a facially sufficient petition is structural, the *Lewis* court concluded the deprivation of a petitioner's right to counsel under subdivision (c) of section 1170.95 is state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*). (*Lewis*, *supra*, 11 Cal.5th at pp. 973–974.) More

specifically, a petitioner "'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'' [Citation.]" (*Id.* at p. 974.)

And here, any error by the trial court in failing to appoint defendant counsel after he filed his petition was harmless. That is, section 189, as amended by Senate Bill 1437, now permits a felony-murder conviction only when specified facts relating to the defendant's individual culpability have been proved. Among such circumstances, a felony-murder conviction is permissible if the defendant was the actual killer; he, "with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested or assisted the actual killer in the commission of murder in the first degree"; or he "was a major participant in the underlying felony and acted with reckless indifference to human life." (§§ 189, subd. (e); see 190.2, subds. (c), (d); see also *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419.) In other words, "[t]he language of the special circumstance tracks the language of Senate Bill 1437 and the new felony-murder statutes." (*Gutierrez-Salazar*, at p. 419.) Thus, by finding the special circumstance allegation true, the jury made the requisite findings necessary to sustain defendant's felony-murder conviction under the amended law. Accordingly, the record established defendant is ineligible for resentencing under section 1170.95 as a matter of law.

It is true after defendant was convicted, "*Banks* and *Clark* 'clarified "what it means for an aiding and abetting defendant to be a 'major participant' in a crime who acted with a 'reckless indifference to human life.'"'' [Citation.] *Banks* identified certain factors to consider in determining whether a defendant was a major participant; *Clark* identified factors to guide the determination of whether the defendant acted with reckless indifference to human life." (*People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5, review granted Oct. 14, 2020, S264033.) And Courts of Appeal are split on the question of whether a special circumstance finding entered prior to *Banks* and *Clark* renders a

petitioner ineligible for section 1170.95 resentencing relief as a matter of law. (See *People v. Jones* (2020) 56 Cal.App.5th 474, 478–479 [collecting cases], review granted Jan. 27, 2021, S265854.) Our Supreme Court has granted review to decide the issue. (*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606 [2020 Cal.App.Unpub. Lexis 8505; 2020 WL 7417057].)

However, our court has previously held we find more persuasive those cases holding that a special circumstance finding precludes relief as a matter of law. (*People v. Simmons* (2021) 65 Cal.App.5th 739, 749, review granted Sept. 1, 2021, S270048; accord, *People v. Jones*, *supra*, 56 Cal.App.5th at pp. 482, 484, review granted Jan. 27, 2021, S265854; *People v. Nunez* (2020) 57 Cal.App.5th 78, 92, review granted Jan. 13, 2021, S265918; *People v. Allison* (2020) 55 Cal.App.5th 449, 458.) And defendant does not persuade us to depart from our previous reasoning.

*Banks* and *Clark* did not state a new rule of law. (*People v. Simmons*, *supra*, 65 Cal.App.5th at p. 749, review granted.) Rather, they relied upon the United States Supreme Court's decisions in *Enmund v. Florida* (1982) 458 U.S. 782 (*Enmund*) and *Tison v. Arizona* (1987) 481 U.S. 137 (*Tison*) to clarify principles that had long been in existence at the time those defendants were convicted. (*Ibid.*; accord, *In re Miller* (2017) 14 Cal.App.5th 960, 978; *People v. Allison*, *supra*, 55 Cal.App.5th at p. 458; *People v. Gomez*, *supra*, 52 Cal.App.5th at p. 13, fn. 5, review granted.) *Enmund* prohibited felony-murder liability for a defendant who "did not commit the homicide, was not present when the killing took place, and did not participate in a plot or scheme to murder," and explained that, to be liable for felony murder, the aider and abettor must himself "kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." (*Enmund*, *supra*, at pp. 795, 797.) *Tison* held that "major participation in the felony committed, combined with reckless indifference to human life, is sufficient to satisfy the *Enmund* culpability requirement." (*Tison*, *supra*, at p. 158.) As *Banks* noted, this language from *Tison* was later codified by the California electorate in section 190.2,

subdivision (d).  (*Banks*, *supra*, 61 Cal.4th at p. 800.)  To the extent *Banks* and *Clark* illuminated factors a factfinder might consider in determining whether a defendant was a major contributor who acted with reckless indifference to human life, they drew those factors from *Enmund* and *Tison.*  (See *Banks*, *supra*, at pp. 801–803; *Clark*, *supra*, 63 Cal.4th at pp. 615, 618–623.)  These principles existed when defendant was convicted and, absent a determination on direct appeal or in a habeas corpus proceeding that the evidence was insufficient to support the jury's finding, there is no basis to conclude defendant's jury applied different standards than those described in *Banks* and *Clark.*

Furthermore, to the extent the trial court denied defendant's petition on different grounds given its statement in its order that defendant acted with the intent to kill, we still affirm the trial court's order for the reasons stated.[1]  (*People v. Zapien* (1993) 4 Cal.4th 929, 976 ["'"'No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion"'"]; accord, *People v. Smithey* (1999) 20 Cal.4th 936, 972.)

Accordingly, we reject defendant's contentions.

## DISPOSITION

The court's order denying defendant's petition for resentencing is affirmed.

---

[1]In a separate motion, the People ask that we take judicial notice of our prior opinion in this matter pursuant to Evidence Code sections 451 and 459, subdivision (a).  Defendant opposes the request, arguing the trial court did not take proper judicial notice of it.  Because it is not necessary to rendering our disposition on appeal, we deny the People's request for judicial notice.  (See *People v. Young* (2005) 34 Cal.4th 1149, 1171, fn. 3 [court may not take judicial notice of any matter that is irrelevant].)